FILED

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0366

DA 20-0366

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 118N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

ERICA ANN DION,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-19-72
Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Lacey Lincoln, Hill County Attorney, Havre, Montana

Submitted on Briefs:  April 6, 2022

Decided:  June 14, 2022

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Erica Ann Dion appeals her conviction after entering a guilty plea in the Twelfth Judicial District Court for Assault with a Weapon, a felony, in violation of § 45-5-213, MCA. Dion argues her conviction was obtained in violation of her right to be free from double jeopardy and to effective assistance of counsel after the District Court declared a mistrial upon her failure to appear at trial. We affirm.

¶3 In May 2019, the State charged Dion with Assault with a Weapon in violation of § 45-5-213, MCA, after she used a BB gun—modeled after a real pistol—to intimidate a woman who had previously refused Dion entry into a residence. Dion elected a jury trial and the District Court set a jury confirmation hearing for September 30, 2019. Dion failed to appear at this hearing. The District Court rescheduled the hearing for the next day. Dion appeared at the rescheduled hearing, albeit late, and the District Court admonished her for her absence. It then set a jury trial for October 30, 2019, and stated in its pretrial order:

> Per the Court's admonishment, Defendant and Defense Counsel are required to be personally present in the Hill County Courtroom at Counsel table **at 8:15 A.M.** on October 30, 2019. Defendant's failure to be at Counsel table on time will result in the jury being dismissed, Defendant paying for costs of summoning a jury and Defendant being held until another jury pool can be summoned for trial.

(Emphasis in original.)

¶4     The day before trial, defense counsel, at Dion's request, filed a motion to continue the trial, arguing Dion did not feel "mentally prepared" for trial because she had recently lost her living arrangements. The District Court denied the motion. That night, Dion was arrested on an unrelated matter; she was therefore transported from jail to trial the next morning. As the trial began, Dion's counsel advised the District Court that Dion's right arm was in pain and required medical care. The District Court called a recess and permitted Dion to go to the hospital for an examination. Dion returned to court that afternoon, whereupon the parties completed jury selection and made opening statements to the jury. Before dismissing the parties for the evening, the District Court admonished Dion that she needed to be seated at counsel table by 8:15 the next morning.

¶5     By 8:34 the next morning, Dion had not appeared, although her defense counsel was present. Defense counsel informed the District Court that he "got some messages from [Dion] this morning" that she was not able to fill the prescription the hospital had given her the previous day, was still not feeling well, and wanted permission to be excused from the trial that morning. The District Court responded:

> Absolutely not. This is absolutely ridiculous. She is ordered to be here. She needs to be at trial. So this is what the Court is going to do. If she is not here by the time we have the jury brought up, I will call a mistrial and order a warrant for her arrest. She absolutely needs to be at trial. This is not a tea party. This is not optional. She needs to be here. We will wait until the jury gets here and wait until she arrives.

¶6 After the jury was seated, the court reconvened at 8:56, and Dion was still absent. After informing the jury of the situation, the District Court stated: "We cannot proceed to trial without her. And I don't have any assurances really that she is going to show up at any given moment. We have waited an extra 40 minutes for her at this point. So at this time the Court is going to call a mistrial." The District Court apologized to the jury for the inconvenience and excused it. After the jury left, the State requested issuance of an arrest warrant for Dion based on her failure to appear. Dion's counsel objected to the warrant but not to the declaration of mistrial. The District Court granted the motion for a warrant. Dion's counsel thanked the court and apologized to everyone present, and the proceedings concluded. Dion appeared about ten minutes later and was taken into custody.

¶7 On November 1, 2019, the District Court entered a written order declaring a mistrial. A week later, Dion filed a motion to dismiss, arguing double jeopardy precluded a retrial. The District Court denied the motion, and Dion petitioned this Court for a writ of supervisory control, which we considered in *State ex rel. Dion v. Twelfth Judicial Dist. Court*, 399 Mont. 551, 460 P.3d 403 (2020) (*Dion I*). In *Dion I*, we concluded that jeopardy attached to Dion's case once the jury was sworn, prior to the District Court's declaration of mistrial. We recognized that the District Court warned Dion several times, either personally or through counsel, that she needed to be present and that it would declare a mistrial should she fail to appear for trial. *Dion I*, *8-9. Additionally, we noted that Dion's counsel failed to object to the mistrial, acknowledged the District Court had made its requirement for Dion's appearance clear, and apologized for Dion's behavior. Based on

4

these circumstances, we concluded that retrial was not barred by double jeopardy pursuant to § 46-11-503(2)(a), MCA, because Dion had waived her right to object to the trial's termination, and therefore denied the petition.

¶8 Before the matter could be set for a new trial, Dion entered a guilty plea to the charge. The District Court committed Dion to the Department of Corrections for six years, with one year suspended and a recommendation that Dion be screened for a drug-treatment program. Dion appeals, now represented by new counsel, arguing she received ineffective assistance of counsel when her trial counsel failed to object to the District Court's declaration of a mistrial, and that trial counsel labored under an un-waivable conflict of interest when he untimely objected to the mistrial and then challenged the District Court's ruling through the petition for writ of supervisory control.

¶9 "Only record-based ineffective assistance of counsel claims are considered on direct appeal." *State v. Ugalde*, 2013 MT 308, ¶ 28, 372 Mont. 234, 311 P.3d 772 (quoting *State v. Aker*, 2013 MT 253, ¶ 22, 371 Mont. 491, 310 P.3d 506). "To the extent such claims are reviewable, they present mixed questions of law and fact that we review de novo." *State v. Howard*, 2011 MT 246, ¶ 18, 362 Mont. 201, 265 P.3d 606 (citation omitted).

¶10 "A defendant's right to effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and by Article II, § 24 of the Montana Constitution." *Ugalde*, ¶ 65. We analyze ineffective assistance of counsel claims under the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, (1984). *Whitlow v. State*, 2008 MT 140,

5

¶ 10, 343 Mont. 90, 183 P.3d 861. "Under *Strickland*, a defendant bears the burden of proving: '(1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense.'" *Ugalde*, ¶ 66 (quoting *Whitlow*, ¶ 10). To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Howard*, ¶ 22 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). This analysis considers "the likelihood of success of the actions counsel failed to take." *State v. Henderson*, 2004 MT 173, ¶ 9, 322 Mont. 69, 93 P.3d 1231 (citing *Hill v. Lockhart*, 474 U.S. 52, 59-60, 106 S. Ct. 366, 371 (1985)).

¶11 Dion argues her trial counsel's failure to object to the District Court's declaration of a mistrial was deficient and prejudiced her. She argues that, but for her counsel's failure to object, either a mistrial would not have been declared and the trial would have proceeded in her absence,[1] or the District Court would have granted her subsequent motion to dismiss.[2] Dion's arguments conflate two distinct concepts: the District Court's authority

---

[1] Specifically, Dion argues that her trial counsel could have objected and—relying on § 46-16-122(3)(b), MCA, which states that after a trial for a felony not punishable by death commences, a defendant's voluntary absence may not prevent the trial from continuing "up to and including the return of a verdict"—argued for the trial to continue in Dion's absence.

[2] Dion argues she was prejudiced again by her trial counsel's alleged ineffectiveness during her petition to this Court in *Dion I*. Dion admits that "*Strickland* does not apply to [the petition for a writ of supervisory control] proceeding because there is no constitutional right to counsel during a collateral proceeding and therefore no Sixth Amendment analysis is triggered," but contends *Strickland* nonetheless *should* apply. However, Dion does not support this argument with relevant caselaw or statutory authority, and we decline to address it further. *See Griffith v. Butte Sch. Dist. No. 1*, 2010 MT 246, ¶ 42, 358 Mont. 193, 244 P.3d 321.

to declare a mistrial and, once a proceeding is terminated, whether a subsequent prosecution is barred by § 46-11-503(2), MCA, the Fifth Amendment to the United States Constitution and Article II, Section 25, of the Montana Constitution. Further, we previously concluded in *Dion I* that "the District Court acted rationally and responsibly when it declared a mistrial after Dion failed to appear in spite of the court's explicit and clear requirement that she do so." *Dion I*, \*9. Implicit in this conclusion was that trial was *not* required to continue in Dion's absence pursuant to § 46-16-122(3)(b), MCA, an argument Dion raised in *Dion I* and which we decline to consider a second time here. Our order thus made clear that Dion's actions were alone sufficient to justify the District Court's decision to declare a mistrial; any objection defense counsel may have lodged would not have changed that. Therefore, there is not a reasonable probability that, but for counsel's failure to object, the trial would have proceeded. *Howard*, ¶ 22.

¶12 We likewise conclude defense counsel's failure to object had no impact on the outcome of Dion's subsequent motion to dismiss on double jeopardy grounds. Unlike a mistrial declaration, which we review for abuse of discretion, *City of Billings ex rel. Huertas v. Billings Mun. Court*, 2017 MT 261, ¶ 14, 389 Mont. 158, 404 P.3d 709, we review a trial court's denial of a motion to dismiss on double jeopardy grounds for correctness, based on whether "the totality of the circumstances and the affirmative conduct of the defendant show that she waived her right to object to the termination of trial proceedings." *Huertas*, ¶¶ 15, 23 (quoting *State v. Cates*, 2009 MT 94, ¶ 35, 350 Mont. 38, 204 P.3d 1224). The District Court made clear to Dion that if she were not timely

present at counsel table the morning of the trial, it would terminate the proceedings. Dion was also present at the close of the first day of trial, when the District Court personally ordered her to be present at counsel table at 8:15 in the morning. Notwithstanding, the next morning—in violation of the District Court's order to be personally present, and by all indications voluntarily—Dion failed to appear. The District Court gave Dion additional time, until the jury was called in, yet she still did not appear. At that point, the District Court explained to the jury Dion's absence and its decision to declare a mistrial. On appeal, Dion does not address the effect that her own voluntary, repeated failures to appear and to follow the court's orders have on the totality of the circumstances analysis regarding whether she waived her right to object to the termination of trial proceedings. Therefore, even if her defense counsel had objected, Dion cannot show the remaining circumstances, brought about by her own voluntary actions, would not justify denial of her motion to dismiss. We therefore conclude Dion has not met her burden to demonstrate a reasonable probability the proceedings would have been different had her counsel taken the actions she argues for on appeal. *Howard*, ¶ 22.

¶13    Lastly, Dion argues that her trial counsel labored under an un-waivable conflict of interest by continuing to represent Dion after it became apparent or should have become apparent—either when drafting the motion to dismiss or when petitioning this court for supervisory control—that he had potentially waived her right to assert a double jeopardy challenge. Dion argues this again prejudiced her because one of her "best arguments was that she should not lose her double jeopardy protection because her counsel waived that

8

protection through his own inefficacy" and trial counsel was "either unable or unwilling to raise that argument against himself." Because we have determined that Dion has not demonstrated her trial counsel provided ineffective assistance, however, this argument necessarily fails.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶15 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR